UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONIQUE A. HARRIS, | |
| Plaintiff, | 1:23-CV-8307 (ALC) |
| -against- | ORDER OF SERVICE |
| MONTEFIORE MEDICAL CENTER, | |
| Defendant. | |

ANDREW L. CARTER, JR., United States District Judge:

Plaintiff Monique A. Harris, of the Bronx, New York, who appears *pro se*, brings this

action under Title VII of the Civil Rights Act of 1964, as well as under the New York State and

City Human Rights Laws. She seeks damages and equitable relief, and sues her former employer,

the Montefiore Medical Center ("Montefiore"), also of the Bronx.

By order dated September 22, 2023, the court granted Plaintiff's request to proceed *in

forma pauperis* ("IFP"), that is, without prepayment of fees.[1] The Court directs service on

Montefiore.

---

[1] Rule 5.2(a)(2) of the Federal Rules of Civil Procedure requires a court submission to refer to a person's date of birth by referring only to the person's birth year. *See* Fed. R. Civ. P. 5.2(a)(2). Rule 5.2(a)(3) requires a court submission to refer to a minor child's name by referring only to the child's name's initials. *See* Fed. R. Civ. P. 5.2(a)(3). In a document attached to Plaintiff's IFP application, the date of birth and full name of a minor child are revealed. The full name of that minor child is also revealed in the IFP application itself. Thus, in an abundance of caution, the Court has directed the Clerk of Court to restrict electronic access to Plaintiff's IFP application to a "case participant–only" basis.

**DISCUSSION**

**A.     Service on Montefiore**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Montefiore through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for that defendant. The Clerk of Court is further instructed to issue a summons for Montefiore, and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon that defendant.

If the complaint is not served on Montefiore within 90 days after the date the summons is issued for that defendant, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint on Montefiore until the Court reviewed the complaint and ordered that a summons be issued for that defendant. The Court therefore extends the time to serve Montefiore until 90 days after the date that a summons is issued for that defendant.

**B.      New York Legal Assistance Group**

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG")

Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic

staffed by attorneys and paralegals to assist those who are representing themselves in civil

lawsuits in this court. The clinic is operated by a private organization; it is not part of, or

operated by, the court. It cannot accept filings on behalf of the court, which must still be made by

any *pro se* party through the court's Pro Se Intake Unit. A copy of the flyer with details of the

NYLAG clinic is attached to this order.

**CONCLUSION**

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to issue a summons for the Montefiore Medical

Center, complete a USM-285 form with the address for that defendant, and deliver all documents

necessary to effect service on that defendant to the U.S. Marshals Service.

A flyer from NYLAG is attached to this order.

SO ORDERED.

Dated:
         New York, New York
         November 3, 2023

_____
            ANDREW L. CARTER, JR.
            United States District Judge

## DEFENDANT AND SERVICE ADDRESS

Montefiore Medical Center
Wakefield Campus
600 East 233rd Street
Bronx, New York 10466

![NYLAG New York Legal Assistance Group]

**Services Provided for Self-Represented Litigants in the Southern District of New York**

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York provides free limited legal assistance to individuals who are representing themselves or planning to represent themselves in civil lawsuits in federal court in Manhattan and White Plains. The clinic is staffed by attorneys, law students, and paralegals. Information given to clinic staff is confidential.

## Clinic Staff Can:

- Advise on filing cases in federal court, including on the issue of whether a case should be filed in the Southern District of New York or somewhere else;
- Provide legal advice in response to questions that come up at any stage of litigation;
- Assist in getting additional information or research into the legal issue in your case;
- Review and explain court orders and filings by your opponent, and provide an overview of the federal legal process in civil cases generally;
- Assist with motions, discovery, and strategy;
- Assist with getting ready for depositions, pretrial conferences, mediations, and court appearances;
- Provide forms and instructions manuals;
- In appropriate cases, help you retain pro bono counsel;
- In appropriate cases, represent you in a mediation through the Southern District's Alternative Dispute Resolution Program, or a court-ordered settlement conference;
- In appropriate cases, represent you at a deposition; and
- In appropriate cases, provide referrals to other agencies and organizations that provide civil legal services and/or social services.

Use of the NYLAG Legal Clinic for Pro Se Litigants is separate from any appointment of counsel by the court. A request for appointment of counsel requires a separate application and the decision whether to appoint counsel is entirely up to the court. Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## Clinic Staff Cannot:

- Assist with federal civil cases that belong in a different federal court, such as the Eastern District of New York, which covers of New York, which covers Brooklyn, Queens, Staten Island, and Nassau and Suffolk Counties;
- Assist with an appeal of your federal case;
- Assist with state court cases, bankruptcy court cases, or criminal cases;
- Pay any of the costs associated with filing or defending a lawsuit in federal court;
- File documents with the court on your behalf;
- Appear on your behalf other than representation at a mediation through the Southern District's Alternative Dispute Resolution Program, a court-ordered settlement conference, or, in appropriate cases, a deposition;
- Write court documents for you; or
- Conduct an investigation into the facts of your case.

## Clinic Staff May Decline Assistance If:

- NYLAG has already given advice to your opponent;
- Your legal problem is beyond the scope of matters handled by the clinic;
- Providing assistance would conflict with the New York Rules of Professional Conduct;
- Your income and/or assets are high enough to allow you to retain private counsel; or
- NYLAG determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

