Case 1:23-cv-08307-ALC   Document 24   Filed 09/20/24   Page 1 of 6

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 9/20/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARRIS, <br><br> Plaintiff, <br><br> -against- <br><br> MONTEFIORE MEDICAL CENTER, <br><br> Defendant. | 23-cv-08307 (ALC) <br><br> **OPINION & ORDER** |

**ANDREW L. CARTER, United States District Judge:**

*Pro se* plaintiff Monique A. Harris ("Plaintiff") brings this case against her former employer Montefiore Medical Center ("Defendant") alleging discrimination on the basis of her sincerely held religious beliefs in violation of Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and New York City Human Rights Law. For the reasons stated herein, Defendant's motion to dismiss the complaint is **GRANTED without prejudice.**

## BACKGROUND

### I. Procedural Background

Plaintiff filed the Complaint in this case on September 19, 2023 after exhausting her administrative remedies with the Equal Employment Opportunity Commission and receiving a Notice of Right to Sue. ECF No. 1 ("Compl."); *see also id.* at 6, 15. Defendant was then granted leave to file the instant motion to dismiss and did so on December 1, 2023. ECF No. 16, 17 ("Mot."). Plaintiff then filed an opposition and amended opposition to the motion. ECF No. 19 ("Opp."), 22 ("Am. Opp."). Defendant filed their reply brief thereafter. ECF No. 20.

1

II.     **Factual Background**

Plaintiff noted in her Charge of Discrimination that she began working for Defendant as an Emergency Room Technician in July 2019.  Compl. at 19.  The New York Department of Health issued a regulation on August 26, 2021 mandating that all medically eligible personnel working at hospitals like Defendant's be fully vaccinated against COVID-19 by September 27, 2021.  10 N.Y. Comp. Codes R. & Regs. tit. 10 § 2.61 (a)(1), (c) (effective August 26, 2021) (repealed October 4, 2023).  The regulation defined "personnel" as those employed by a hospital "including but not limited to employees, members of the medical and nursing staff . . . who engage in activities such that if they were infected with COVID-19, they could potentially expose other covered personnel, patients or residents to the disease."  *Id.* § 2.61 (a)(2).

On September 7, 2021, Defendant implemented a mandatory COVID-19 vaccination policy in response to the regulation.  While the initial mandate contained only a medical exemption, Defendant put in a religious exemption in accordance with the Northern District of New York's holding in *Dr. A. v. Hochul*, No. 1:21-CV-1009, 2021 U.S. Dist. LEXIS 199419 (N.D.N.Y. Oct. 12, 2021).  Plaintiff did not wish to take the COVID-19 vaccine on account of her sincerely held religious beliefs and requested a religious accommodation from Defendant on September 20, 2021.  Compl. at 19.  In the meantime, Plaintiff continued to work and complied with Defendant's interim testing requirements.  *Id.*  Plaintiff's request was ultimately denied on September 29, 2021.  *Id.*  Plaintiff was suspended without pay and later terminated due to her refusal to comply with the vaccination mandate.  *Id.* at 8.[1]

## LEGAL STANDARD

---

[1] Defendant avers, and Plaintiff does not refute, that Plaintiff's termination occurred on October 30, 2021.  Mot. at 4.

2

When considering a 12(b)(6) motion, a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement of relief." *Faber v. Metro Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficiently factual matter accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2 1059, 1067 (2d Cir. 1985). A reviewing court ought not dismiss a complaint where "enough facts to state a claim to relief that is plausible on its face" have been plead." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In employment discrimination suits, the facts "alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a minimal inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)

## DISCUSSION

Plaintiff claims that Defendant discriminated against her on the basis of her sincerely held religious beliefs. To adequately raise a religious discrimination claim, a plaintiff must plausibly allege that: "(1) they held a bona fide religious belief conflicting with an employment requirement; (2) they informed their employers of this belief; and (3) they were disciplined for failure to comply with the conflicting employment requirement." *Knight v. State Dep't of Pub.*

3

*Health*, 275 F.3d 156, 167 (2d Cir. 2001) (citing *Philbrook v. Ansonia Bd. of Educ.*, 757 F.2d 476, 481 (2d Cir. 1985)).

The Court notes at the outset that Title VII does not require covered entities to grant sweeping religious exemptions from state COVID-19 mandates. *See We the Patriots USA Inc. v. Hochul*, 17 F.4th 266 (2d Cir. 2021), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021); *see also Marte v. Montefiore Med. Ctr.*, No. 22-CV-03491-CM, 2022 U.S. Dist. LEXIS 186884, at *10 (S.D.N.Y. Oct. 12, 2022) ("This is exactly the type of accommodation Plaintiff requested - permission to remain in her position without being vaccinated. The only accommodation Plaintiff requested was found to be unreasonable and an undue hardship in *We The Patriots*."). Therefore, to the extent that Plaintiff's Complaint seeks, as an accommodation, a blanket exemption from the COVID-19 mandate under which she would be able to maintain her employment as covered personnel under the mandate, it must be denied.

Moving on, the Court will consider the extent to which, if any, Plaintiff has stated a claim for failure to accommodate. No Title VII religious discrimination violation lies where an employer can demonstrate that "the prospective accommodation in lieu of compliance would have caused the employer to suffer undue hardship." *Devita v. Mount Sinai Hosp.*, No. 22-CV-9826-LTS, 2024 U.S. Dist. LEXIS 107575, at *15 (S.D.N.Y. June 18, 2024) (citing *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002)); *see also Kauffman v. N.Y. Presbyterian Hosp.*, No. 23-CV-4964 (AT) (RWL), 2024 U.S. Dist. LEXIS 88706, at *8 (S.D.N.Y. May 16, 2024) ("The affirmative defense of undue hardship 'may be raised by a pre-answer motion to dismiss under Rule 12(b)(6) . . . if the defense appears on the face of the complaint.'") (internal citations omitted). Undue hardship is "shown when a burden is substantial in the overall context of an employer's business." *Groff v. DeJoy*, 600 U.S. 447, 468 (2023). The Second Circuit in *We the*

4

*Patriots* stated that while Title VII does not require employer-defendants covered by the state vaccination mandates to provide sweeping religious exemptions from vaccination or grant accommodations that would case them an undue hardship, the federal statute does not prohibit "an employer from providing an employee with a reasonable *accommodation that removes the individual from the scope of the Rule.*" 17 F.4th 368, 370 (2d Cir. 2021) (emphasis in original).

Plaintiff repeatedly asserts in her pleadings that she was "willing . . . to explore and evaluate all possible reasonable accommodations" including "periodic testing, masking . . . place[ment] on leave, place[ment] on furlough, temperature taking, telework, re-assignment and any other safety protocol[] measures." Compl. at 10; *see also* Am. Opp. at 1.

Despite this, Plaintiff makes no factual allegations in her Complaint as to "how she could have performed any of the essential functions of her job as a[n Emergency Room Technician] under such circumstances, or how [Defendant] could have accommodated her without assigning others to perform her duties." *Devita* 2024 U.S. Dist. LEXIS 107575 at *17. Additionally, Plaintiff has failed to allege that she requested the aforementioned accommodations from her employer prior to her termination. The Complaint states only that Plaintiff requested a "reasonable accommodation," and does not discuss how, if at all, her ability to discharge her duties would be affected by any such accommodation. Compl. at 8. Plaintiff's Charge of Discrimination also makes no reference to any alternative accommodation at all. *Id.* at 19.

Reasonable Title VII accommodations "can never involve the elimination of an essential function of a job." *Shannon v. N.Y.C. Transit Auth.*, 332 F.3d 95, 100 (2d Cir. 2003) (citing *Gilbert v. Frank*, 949 F.2d 637, 642 (2d Cir. 1991)). While Plaintiff's "Emergency Room Technician" job title strongly suggests that her role necessarily required in-person interaction with patients and hospital staff and Defendant insists that Plaintiff was required to "work in-

5

person and around immunocompromised patients and staff every day," the Court is, at present, unable to make such a determination of fact at this stage in the proceedings. Because the Complaint lacks specific factual allegations regarding Plaintiff's job responsibilities or the nature of accommodations she requested, the Court is unable to determine whether Plaintiff sought a blanket accommodation inactionable under Title VII or an actionable accommodation which would have placed her outside of the ambit of the vaccine mandate. *Compare Devita*, 2024 U.S. Dist. LEXIS 107575 at *17 (finding that "a telework accommodation to a Registered Nurse would have imposed an undue hardship on Defendants") *with Grimes v. New York*, No. 1:23-cv-652 (MKV), 2024 U.S. Dist. LEXIS 32964, at *15-*16 (S.D.N.Y. Feb. 26, 2024) (denying dismissal on a Title VII vaccine mandate religious discrimination claim where the plaintiff was denied a telework accommodation despite the plaintiff having been working remotely "for the two years prior to her termination")

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is **DISMISSED without prejudice**. Plaintiff may file an Amended Complaint within 21 days of the issuance of this Opinion and Order.

**SO ORDERED.**

Dated:   **September 20, 2024**
         **New York, New York**

　　　　　　　　　　　　　　　　　　　　　*/s/ Andrew L. Carter, Jr.*
　　　　　　　　　　　　　　　　　　　　　**ANDREW L. CARTER, JR.**
　　　　　　　　　　　　　　　　　　　　　**United States District Judge**

6