**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**HARRIS,**

                    **Plaintiff,**

                  **-against-**

**MONTEFIORE MEDICAL CENTER,**

                    **Defendant.**

**23-cv-08307 (ALC)**

**<u>OPINION & ORDER</u>**

**ANDREW L. CARTER, United States District Judge:**

*Pro se* plaintiff Monique A. Harris ("Plaintiff") brings this case against her former employer Montefiore Medical Center ("Defendant") alleging discrimination on the basis of her sincerely held religious beliefs in violation of Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and New York City Human Rights Law.[1] For the reasons stated herein, Defendant's motion to dismiss the complaint is **GRANTED with prejudice.**

**BACKGROUND**

**I.       Procedural Background**

Plaintiff filed the Complaint in this case on September 19, 2023 after exhausting her administrative remedies with the Equal Employment Opportunity Commission and receiving a Notice of Right to Sue.  ECF No. 1; *see also id.* at 6, 15.  Defendant was then granted leave to file a first Motion to Dismiss and did so on December 1, 2023.  ECF No. 16, 17. Plaintiff then filed an Opposition and Amended Opposition to the motion.  ECF No. 19, 22. Defendant filed their Reply brief thereafter.  ECF No. 20.

---

[1] Plaintiff did not raise the state law claims in her Amended Complaint. However, because of the special solicitude afforded to *pro se* plaintiffs, the Court will address the claims from the original complaint.

On September 20, 2024, the Court granted Defendant's Motion to Dismiss and gave Plaintiff leave to file an Amended Complaint. ECF No. 24. In the September 20, 2024 Opinion, the Court stated that the Complaint lacked specific factual allegations regarding Plaintiff's job duties and the nature of the accommodations request to Defendant Montefiore. The Court was unable to determine whether Plaintiff had sought a blanket accommodation inactionable under Title VII or an actionable accommodation, which would have put her outside the ambit of the vaccine mandate. *Id.* at 5-6. Plaintiff subsequently filed a Proposed Amended Complaint on December 23, 2024. ECF No. 37. On December 30, 2024, the Court ordered a telephonic conference to discuss the Proposed Amended Complaint. ECF No. 38. During the January 14, 2025 conference, the Court told Plaintiff that the Proposed Amended Complaint did not address the issues raised in the September 20, 2024 Opinion and ordered Plaintiff to file a Second Proposed Amended Complaint by February 4, 2025. The Court scheduled another telephonic conference for February 13, 2025. ECF No. 39. On February 4, 2025, Plaintiff filed a letter. ECF No. 40. During the February 13, 2025 conference, the Court stated that the letter filed on February 4, 2025 established that Plaintiff's job required direct patient care and that she had only requested Defendant exempt her from the vaccine. The Court ordered Plaintiff to indicate by February 20, 2025 whether she was going to rely on her Proposed Amended Complaint filed on February 4, 2025. ECF No. 41.

On April 11, 2025, Defendant requested the Court dismiss Plaintiff's Amended Complaint with prejudice because Plaintiff had not complied with the Court's February 13, 2025 Order. ECF No. 42. On May 9, 2025, the Court ordered Plaintiff to advise by May 23, 2025 whether she would rest on the Proposed Amended Complaint filed on February 4, 2025. ECF No. 44. On May 30, 2025, the Court issued an Order to Show Cause why this action should not be

dismissed without prejudice for failure to prosecute and failure to comply with the Court's orders pursuant to Fed. R. Civ. P. 41(b). ECF No. 45. On June 16, 2025, Plaintiff filed a response that did not indicate whether she intended to rely on her February 4, 2025 Proposed Amended Complaint. ECF No. 46. The Court scheduled another telephonic conference for July 21, 2025. ECF No. 47. During the conference, Plaintiff stated she intended to rely on her February 4, 2025 Proposed Amended Complaint. On July 21, 2025, the Court ordered that Plaintiff's February 4, 2025 Proposed Amended Complaint be deemed the operative Amended Complaint ("Am. Compl.") and set a briefing schedule for the Defendant's Second Motion to Dismiss. ECF No. 48.

Defendant filed their Motion to Dismiss the Amended Complaint on August 11, 2025. ECF No. 50. Plaintiff filed her Opposition on September 8, 2025. ECF No. 52. Defendant filed their Reply on September 17, 2025. ECF No. 53.

## II.    Factual Background

Plaintiff noted in her Charge of Discrimination that she worked for Defendant as an Emergency Room Technician, Electrocardiogram Technician, and Phlebotomist. Am. Compl. at 1.  Plaintiff was hired as Patient Care Technician to provide direct patient care. *Id.* Her job duties included taking vital signs, performing blood draws and electrocardiogram tests, collecting and testing urine samples, caring one-on-one with psychiatric and flight risk patients, cleaning and washing deceased bodies to prepare for transport, and directing care of COVID-19 patients. *Id.*

The New York Department of Health issued a regulation on August 26, 2021, mandating that all medically eligible personnel working at hospitals like Defendant's be fully vaccinated against COVID-19 by September 27, 2021. 10 N.Y. Comp. Codes R. & Regs. tit. 10 § 2.61 (a)(1), (c) (effective August 26, 2021) (repealed October 4, 2023).  The regulation defined "personnel" as those employed by a hospital "including but not limited to employees, members

of the medical and nursing staff . . . who engage in activities such that if they were infected with COVID-19, they could potentially expose other covered personnel, patients or residents to the disease." *Id.* § 2.61 (a)(2).

On September 7, 2021, Defendant implemented a mandatory COVID-19 vaccination policy in response to the regulation. While the initial mandate contained only a medical exemption, Defendant put in a religious exemption in accordance with the Northern District of New York's holding in *Dr. A. v. Hochul*, No. 1:21-CV-1009, 2021 U.S. Dist. LEXIS 199419 (N.D.N.Y. Oct. 12, 2021).  Plaintiff did not wish to take the COVID-19 vaccine on account of her sincerely held religious beliefs and requested an accommodation. Am. Compl. at 1. Defendant sent an email to Plaintiff that she needed to test weekly to remain employed. *Id.* at 8. Plaintiff continued to work and complied with Defendant's interim testing requirements.  *Id.*  Plaintiff's request for an exemption from the vaccine mandate was ultimately denied and she was terminated in October 2021. *Id.*

## LEGAL STANDARD

When considering a 12(b)(6) motion, a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement of relief." *Faber v. Metro Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted).  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficiently factual matter accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2 1059, 1067 (2d Cir. 1985).  A

reviewing court ought not dismiss a complaint where "enough facts to state a claim to relief that is plausible on its face" have been plead." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In employment discrimination suits, the facts "alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a minimal inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)

Additionally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted) (internal quotations omitted). In particular, "the pleadings of a *pro se* plaintiff . . . should be interpreted to raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (internal quotations omitted). *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (citations omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that a *pro se* complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted).

## DISCUSSION

I.   **Plaintiff fails to state a claim under Title VII and the NYSHRL.**

Plaintiff claims that Defendant discriminated against her on the basis of her sincerely held religious beliefs. To adequately raise a religious discrimination claim, a plaintiff must plausibly

allege that: "(1) they held a bona fide religious belief conflicting with an employment requirement; (2) they informed their employers of this belief; and (3) they were disciplined for failure to comply with the conflicting employment requirement." *Knight v. State Dep't of Pub. Health*, 275 F.3d 156, 167 (2d Cir. 2001) (citing *Philbrook v. Ansonia Bd. of Educ.*, 757 F.2d 476, 481 (2d Cir. 1985)).

The Court notes at the outset that Title VII does not require covered entities to grant sweeping religious exemptions from state COVID-19 mandates. *See We the Patriots USA Inc. v. Hochul*, 17 F.4th 266 (2d Cir. 2021), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021); *see also Marte v. Montefiore Med. Ctr.*, No. 22-CV-03491-CM, 2022 U.S. Dist. LEXIS 186884, at *10 (S.D.N.Y. Oct. 12, 2022) ("This is exactly the type of accommodation Plaintiff requested - permission to remain in her position without being vaccinated.  The only accommodation Plaintiff requested was found to be unreasonable and an undue hardship in *We The Patriots*.").

The Court will consider the extent to which, if any, Plaintiff has stated a claim for failure to accommodate. No Title VII religious discrimination violation lies where an employer can demonstrate that "the prospective accommodation in lieu of compliance would have caused the employer to suffer undue hardship." *Devita v. Mount Sinai Hosp.*, No. 22-CV-9826-LTS, 2024 U.S. Dist. LEXIS 107575, at *15 (S.D.N.Y. June 18, 2024) (citing *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002)); *see also Kauffman v. N.Y. Presbyterian Hosp.*, No. 23-CV-4964 (AT) (RWL), 2024 U.S. Dist. LEXIS 88706, at *8 (S.D.N.Y. May 16, 2024) ("The affirmative defense of undue hardship 'may be raised by a pre-answer motion to dismiss under Rule 12(b)(6) . . . if the defense appears on the face of the complaint.'") (internal citations omitted).  Undue hardship is "shown when a burden is substantial in the overall context of an employer's business." *Groff v. DeJoy*, 600 U.S. 447, 468 (2023).  The Second Circuit in *We the Patriots* stated that while Title

VII does not require employer-defendants covered by the state vaccination mandates to provide

sweeping religious exemptions from vaccination or grant accommodations that would cause

them an undue hardship, the federal statute does not prohibit "an employer from providing an

employee with a reasonable *accommodation that removes the individual from the scope of the

Rule.*"  17 F.4th 368, 370 (2d Cir. 2021) (emphasis in original).

Plaintiff makes no factual allegations as to "how she could have performed any of the

essential functions of her job as a[n Emergency Room Technician] under such circumstances, or

how [Defendant] could have accommodated her without assigning others to perform her duties."

*Devita* 2024 U.S. Dist. LEXIS 107575 at *17. In her Amended Complaint, Plaintiff notes that

she was responsible for the direct care of patients, including those with COVID-19. Am. Compl.

at 1. Plaintiff has failed to allege that she requested accommodations that would have allowed

her to perform essential functions of her job prior to her termination. Plaintiff merely asked

Defendant to allow her to continue working in her exact position and remain unvaccinated,

subject to weekly testing. Am. Compl. at 1. Defendant would have suffered an undue hardship by

granting Plaintiff's request since it would have been violating state law and exposing patients,

staff, and visitors to health risks.

In her Opposition to Defendant's Motion to Dismiss, Plaintiff raises for the first time that

Defendant could have given her "modified work assignments, Work POS Room, or Work

COVID-19 Unit" and a temporary leave of absence. Pl. Opp at 2. Plaintiff should have included

these allegations in her Amended Complaint. *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178

(2d Cir. 1998). Nevertheless, since the Plaintiff is pro se, the Court considers them now. Nothing

Plaintiff includes in her opposition demonstrates that these accommodations would have allowed

her to perform the essential functions of her job while unvaccinated. None of these

accommodations are reasonable under Title VII. Additionally, Plaintiff's claims should be dismissed under the NYSHRL.

### II. Plaintiff's claim under NYCHRL also fails.

"Courts must analyze NYCHRL claims separately and independently from any federal and state law claims," *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). "The NYCHRL is reviewed more liberally than federal or state discrimination claims." *Parsons v. JPMorgan Chase Bank, N.A.*, No. 16-cv-0408 (NGG) (JO), 2018 WL 4861379, at *11 (E.D.N.Y. Sept. 30, 2018). Under the NYCHRL, reasonable accommodation means an accommodation to an employee's religious observance that does not cause the employer "undue hardship." N.Y.C. Admin. Code § 8-107(3)(b). The NYCHRL defines undue hardship as "an accommodation requiring significant expense or difficulty." *Id.*

Had Defendant allowed Plaintiff to continue working directly with patients without a COVID-19 vaccine, Defendant would have been violating state law, potentially exposing it to losing its license. Courts have found this to constitute an undue hardship. *Algarin v. N.Y.C. Health & Hosp. Corp.*, 2023 No. 1:22-cv-8340 (JLR), WL 4157164, at * 10 (S.D.N.Y. June 23, 2023) ("Even applying a more liberal construal [as required under the NYCHRL]… requiring Defendant to violate the State Mandate by exempting Plaintiff from the mandatory vaccination requirement through a testing accommodation creates an undue hardship on Defendant given that it would require Defendant to violate a state rule."). Therefore, the Court finds Plaintiff's NYCHRL claim should also be dismissed.

### CONCLUSION

Plaintiff was given specific instructions from this Court in multiple telephonic conferences with what she needed to do to amend her complaint to state a claim. Although she

was granted leave to amend, she still has not stated facts that support a viable claim of

discrimination, and she has not pointed to any information that could be included in any future

amendment that would cure the issues with her case. Therefore, Plaintiff's Amended Complaint

is **DISMISSED with prejudice.**

**SO ORDERED.**

**Dated:**    **March 24, 2026**
           **New York, New York**

                                          **ANDREW L. CARTER, JR.**
                                          **United States District Judge**

9